POPE & ASSOCIATES, P.C., FORMERLY KNOWN AS POPE, HOPPER, ROBERTS, & WARREN, P.C., C. DANIEL ROBERTS, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; C. DANIEL ROBERTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pope & Assocs., P.C. v. Commissioner
Docket Nos. 9680-94, 10327-94
United States Tax Court
T.C. Memo 1995-213; 1995 Tax Ct. Memo LEXIS 214; 69 T.C.M. (CCH) 2615; May 17, 1995, Filed *214 Orders of dismissal for lack of jurisdiction will be entered granting respondent's motions to dismiss for lack of jurisdiction and denying petitioner's cross-motion in docket No. 10327-94. For petitioner: J. Scott Morris. For respondent: T. Richard Sealy III. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: These cases are before the Court for ruling on cross-motions to dismiss for lack of jurisdiction. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Summary of Facts
During 1990, the year before the Court, Pope & Associates, P.C., formerly known as Pope, Hopper, Roberts, & Warren, P.C. (the S corporation), was an S corporation with its principal place of business in Austin, Texas. The S corporation was composed of four shareholders, each of whom was a natural person. Petitioner was one of the four shareholders of the S corporation and the tax matters person. At the time the petition was filed, petitioner resided in Austin, Texas. On March 16, 1994, respondent mailed a Notice of Final S Corporation Administrative *215 Adjustment (FSAA) to C. Daniel Roberts as tax matters person for the S corporation for the 1990 taxable year. Also on that date, respondent mailed notices of deficiency for the 1990 taxable year to each of the four shareholders. Respondent issued the FSAA and notices of deficiency because there was a question as to whether the S corporation validly elected to be subject to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, unified S corporation procedures. The attachments to the FSAA, as well as the notices of deficiency, indicate that respondent's S corporation adjustments and deficiency determinations derived from an increase to the S corporation's gross income for the 1990 taxable year in the amount of $ 30,464,832, as a result of moneys on deposit in escrow/trust accounts held by the S corporation on behalf of clients. The notice of deficiency issued to C. Daniel Roberts was based entirely upon his distributive share of the S corporation adjustments for the 1990 taxable year. A timely petition for readjustment of S corporation items was filed by petitioner C. Daniel Roberts at docket No. 9680-94. An untimely petition for redetermination *216 of the deficiency was filed by petitioner C. Daniel Roberts at docket No. 10327-94. Respondent filed motions to dismiss for lack of jurisdiction in both cases. In docket No. 9680-94, respondent requests that we dismiss for lack of jurisdiction on the ground that the S corporation was a "small S corporation" within the meaning of section 301.6241-1T(c)(2)(ii), Temporary Proced. and Admin. Regs., (Jan. 30, 1987), not subject to TEFRA unified S corporation procedures. In docket No. 10327-94, respondent requests that we dismiss on the ground the petition was not timely filed. In response to respondent's motions, petitioner filed objections, and in docket No. 10327-94 petitioner filed a cross-motion to dismiss for lack of jurisdiction. In the objections and cross-motion, petitioner alleged that the petition for readjustment of S corporation items is properly before the Court and that the notices of deficiency issued to the shareholders were precluded by section 6225(a) and, therefore, are invalid. A hearing on the parties' cross-motions to dismiss for lack of jurisdiction was conducted by the Court, and post-hearing memorandum briefs were *217 filed by the parties. Petitioner in both dockets conceded in his brief that the S corporation did not validly elect to be subject to S corporation unified proceedings, and did not address whether the FSAA should be invalidated on the ground the S corporation was not subject to TEFRA unified procedures. Rather, in his brief and other post-hearing documents filed in these cases, petitioner shifts gears and now maintains that the FSAA and the notices of deficiency issued to the shareholders were based upon information unrelated to the S corporation's return and, therefore, are invalid, citing , revg. . In partial support of petitioner's post-hearing position, petitioner alleges that respondent reexamined the S corporation adjustments and issued an amended audit report on January 26, 1995, which reduced the gross income adjustments of the S corporation. Respondent filed objections to petitioner's brief and the other post-hearing documents which address the applicability of the "Scar doctrine" to these cases. Also before the Court are petitioner's replies *218 to respondent's objections. Discussion
At the outset, we address respondent's objections to the consideration of the applicability of , to these cases. Respondent contends: (1) That the Scar issue was not timely raised; (2) that Scar is inapplicable; and (3) that further evidence would have to be adduced "in order for the Court to render a proper decision on the issue". It is well settled that issues pertaining to the jurisdiction of this Court may be raised by the parties, or the Court sua sponte, at any time. . Accordingly, respondent's objection to the consideration of the Scar issue as untimely is without merit. Further, we have carefully reviewed the records and find the evidence sufficient for purposes of ruling on this matter. For clarity, we will separately address the applicability of Scar to the FSAA and notice of deficiency. 1. Validity of FSAA
Respondent and petitioner both contend that the FSAA upon which docket No. 9680-94 is based is invalid, albeit on different grounds. Respondent's *219 position is that the FSAA is invalid on the ground that TEFRA S corporation unified procedures do not apply to the S corporation. Petitioner, on the other hand, contends that the FSAA was based upon an arbitrary adjustment to income unrelated to petitioner's return for the year in question, and is invalid, citing Petitioner's position, however, assumes the applicability of TEFRA unified S corporation procedures to the S corporation. If TEFRA procedures are inapplicable, no purpose would be served in analyzing the FSAA under the standard established by the Court of Appeals in Scar. Petitioner conceded on brief that the S corporation failed to file an election to be subject to the unified S corporation procedures and did not dispute respondent's allegation that the S corporation was a "small S corporation" not subject to TEFRA unified procedures. Accordingly, we conclude that TEFRA unified S corporation provisions are inapplicable to the S corporation for the 1990 taxable year and, therefore, the FSAA is invalid on the ground set forth in respondent's motion to dismiss for lack of jurisdiction at docket No. 9680-94. *220 In light of this conclusion, we shall not conduct a Scar analysis with respect to the FSAA. Cf. , affg. in part and revg. in part (where TEFRA unified partnership provisions applied, the Court of Appeals for the Fifth Circuit analyzed the notice of final partnership administrative adjustment, distinguished Scar, and determined the notice was valid). 2. Validity of Notice of Deficiency
In docket No. 10237-94, respondent seeks dismissal for lack of jurisdiction on the ground the petition was not timely filed. Petitioner, on the other hand, requests that we dismiss on the ground that the notice of deficiency is invalid, citing There is no dispute that the petition was untimely; however, where it is shown that the notice of deficiency is invalid, we will dismiss on that ground, rather than on the ground of untimeliness. . Petitioner contends that the notice of deficiency was based upon *221 an arbitrary adjustment to income unrelated to his return for the 1990 taxable year and, therefore, is invalid. According to petitioner, no determination based upon his return was made since the only adjustment pertained to the inclusion of income deriving from clients' escrow or trust funds. Petitioner argues that these funds "could no more be Petitioner's income than could any third party's funds be Petitioner's income." Pursuant to section 6212(a), if a determination is made that there is a deficiency, a notice of deficiency may be issued by respondent. There is no prescribed form for a notice of deficiency; however, at a minimum the notice must: (1) Advise the taxpayer that a determination was made that a deficiency exists for a particular year; and (2) specify the amount of the deficiency or provide information to compute the deficiency. In order for a notice of deficiency to be valid, a "determination" must have been made that a deficiency exists. , affg. in part and revg. in part . In Scar, the Court of Appeals for the Ninth Circuit determined *222 that the notice of deficiency in that case was invalid because on its face the notice revealed that the Commissioner failed to make a considered "determination" of a deficiency. The notice of deficiency in Scar was issued with attachments which explicitly referred to a tax shelter in which the taxpayers had no interest, and indicated that the maximum tax rate was applied in calculating the deficiency because the taxpayers' return was not available. . Courts of Appeals, including the Ninth Circuit, and this Court have repeatedly limited the application of Scar to its unique facts. See, e.g., ; ; ; . Petitioner's reliance upon Scar is misplaced. The notice of deficiency determined a deficiency in tax of $ 2,699,412 and an addition to tax of $ 539,882 for the 1990 taxable year. Attached to the notice *223 is a statement that shows that the deficiency was based upon an adjustment of $ 9,640,757 to gross income that constitutes petitioner's derivative share of the gross income of the S corporation. Also attached is an explanation of adjustments that specifically ties the source of the adjustment to the S corporation. After carefully reviewing the notice, we are satisfied that there is nothing in the notice of deficiency that indicates respondent failed to make a considered determination of a deficiency pursuant to section 6212(a). Petitioner's argument that respondent considered information unrelated to petitioner's return is meritless. In determining a deficiency, respondent is free to consider information pertaining to any possible source of income to petitioner, including escrow or trust accounts held by an S corporation in which petitioner is a shareholder. To suggest that respondent may only look to sources actually reported on a taxpayer's return is ludicrous. Further, the fact that respondent may have reexamined the escrow/trust accounts and reduced the income adjustment subsequent to issuance of the notice would not affect our conclusion that respondent made a considered *224 determination of a deficiency. That fact might have a bearing on the correctness of respondent's determination, but would have no bearing on the validity of the notice of deficiency. Accordingly, we conclude the notice of deficiency was valid, but the petition was untimely filed in this Court, sec. 6213(a). Orders of dismissal for lack of jurisdiction will be entered granting respondent's motions to dismiss for lack of jurisdiction and denying petitioner's cross-motion in docket No. 10327-94.